IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MARY H.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil No. TMD 20-1718 |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| ************ | | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Mary H. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

I

**Background**

On November 2, 2016, Plaintiff protectively filed an application for DIB, alleging disability beginning on July 3, 2015. R. at 12. After the Commissioner denied Plaintiff's claim initially and on reconsideration, she requested a hearing. R. at 12. On April 25, 2019, Administrative Law Judge ("ALJ") Maryann S. Bright held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 31-55. The ALJ thereafter found on May 10, 2019, that Plaintiff was not disabled from July 3, 2015, through the date of the ALJ's decision. R. at 9-28. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since July 3, 2015, and that she had severe impairments. R. at 14-16. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 16-17.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl. [Plaintiff] can never climb ladders, ropes [or] scaffolds. She must avoid concentrated exposure to extreme cold, extreme heat, humidity, and respiratory irritants such as fumes, odors, dust, gases, and poorly ventilated areas. [Plaintiff] must avoid all exposure to hazards of unprotected heights and dangerous, unguarded machinery.

R. at 17-18.[3]

In light of the RFC assessment and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a financial manager and procurement services manager. R. at

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

2

21-22.  In the alternative, the ALJ found that Plaintiff could perform other work in the national economy, such as a procurement clerk.  R. at 22-23.  The ALJ thus found that Plaintiff was not disabled from July 3, 2015, through May 10, 2019.  R. at 23.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on June 10, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made,

the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not

disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-12, ECF No. 13-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 5. In particular, she contends that, among other things, the ALJ "failed to perform a function-by-function assessment of [her] work-related abilities, and instead simply concluded that [she] was capable of performing 'sedentary work.'" *Id.* Plaintiff also maintains that the ALJ erroneously evaluated her subjective complaints. *Id.* at 12-17. For the reasons discussed below, the Court remands this case for further proceedings.

**A.     ALJ's RFC Assessment**

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff argues that the ALJ expressed her RFC in terms of exertional levels of work without the benefit of a function-by-functional analysis. Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 13-1. The ALJ stated that she had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." R. at 18. As noted above, every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v.*

*Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021).  Here, although the ALJ acknowledged 20 C.F.R. § 404.1545 and SSR 96-8p (R. at 13, 16), "the ALJ did not indicate that [her] RFC assessment was rooted in a function-by-function analysis of how [Plaintiff's] impairments impacted her ability to work." *Id.*  Rather, the ALJ's RFC assessment was based on SSR 16-3p, which sets out the process ALJs use to evaluate the intensity and persistence of a claimant's symptoms and to determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *See id.* (citing SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017)).  "Of course, a claimant's symptoms, and the extent to which the alleged severity of those symptoms is supported by the record, is relevant to the RFC evaluation." *Id.* (citing 20 C.F.R. § 416.945(a)(3)).  "But an RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Id.*

"The ALJ's reliance on an incorrect regulatory framework led to an erroneous RFC assessment" that requires the Court to remand this case. *Id.* at 388.  "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).  The ALJ in this case, however, "began with step three, noting at the outset of [her] RFC evaluation that [Plaintiff] only '[has] the residual functional capacity to perform sedentary work'" (R. at 17). *Dowling*, 986 F.3d at 388.  "Only then did the ALJ identify evidence and attempt to explain how that evidence logically supported [her] predetermined conclusion" (R. at 18-21). *Id.*  The ALJ thus erred in stating Plaintiff's RFC first and then concluding that the limitations caused by her impairments were consistent with that RFC.  *See Thomas*, 916 F.3d at 312; *Monroe*, 826 F.3d at 188.

Although Defendant points out that the Fourth Circuit "has declined to impose a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" (Def.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 14-1 (citing *Mascio*, 780 F.3d at 636)), "the lack of a rule *requiring* remand does not mean that remand is never the appropriate outcome when an ALJ fails to engage in a function-by-function analysis." *Dowling*, 986 F.3d at 388.  The Court finds that remand is appropriate here because of the ALJ's failure to engage in a function-by-function analysis.  Defendant's reliance on *Mascio* is thus unavailing.

**B.      ALJ's Evaluation of Plaintiff's Subjective Complaints**

Plaintiff also argues that the ALJ applied an improper standard in evaluating her subjective complaints.  Pl.'s Mem. Supp. Mot. Summ. J. 12, ECF No. 13-1.  The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  R. at 21.  According to Plaintiff, the ALJ "erroneously required [her] to prove the type and degree of her subjective complaints by objective medical evidence, and determined that she had not done so."  Pl.'s Mem. Supp. Mot. Summ. J. 15, ECF No. 13-1.

The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).  First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.  At this step, objective evidence is *not* required to find the claimant disabled.  SSR

> 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques."  Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted).

Thus, ALJs who require a claimant's subjective descriptions of her symptoms to be supported by objective medical evidence improperly increase the claimant's burden of proof.  *Id.* at 96.  Plaintiff was, therefore, entitled to rely exclusively on subjective evidence to prove that her symptoms were so continuous or severe that they prevented her from working a full eight-hour day.  *See id.*; *see also id.* at 97 ("And we have previously held that ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record.").

Plaintiff also contends that the ALJ "generally considered the type of activities [she] could perform without also considering the extent to which she could perform them, did not consider the other limitations to which [she] testified, and failed to explain how [her] assertions undermined her subjective complaints."  Pl.'s Mem. Supp. Mot. Summ. J. 17, ECF No. 13-1.  "A claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities."  *Arakas*, 983 F.3d at 101.  Thus, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them."  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).  Plaintiff testified that she did not cook or perform household chores.  R. at 45-46.  According to her function report, she drove a motor vehicle once a week.  R. at 235.  She could only lift small objects less than five pounds.  R. at 236.  She could walk for one half of a block for fifteen

11

minutes before needing to stop and rest.  R. at 236.  The side effects from her medications caused her to be sleepy and to use the bathroom often.  R. at 237.  She took at least two naps daily.  R. at 239.  The ALJ here did not "explain how those activities showed that [Plaintiff] could sustain a full-time job" and could actually perform the tasks required by sedentary work.  *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017); *see Arakas*, 983 F.3d at 100 (citing *Woods*, 888 F.3d at 694).  The Court remands this case to afford the ALJ the opportunity to do so.

In sum, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'"  *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189).  An ALJ's failure to do so constitutes reversible error.  *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).  Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings.  *Thomas*, 916 F.3d at 311 (citing *Woods*, 888 F.3d at 694).

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments.  In any event, the ALJ also should address these other issues raised by Plaintiff.  *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: August 16, 2021

/s/
Thomas M. DiGirolamo
United States Magistrate Judge